Filed 6/11/26  P. v. Cisneros CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO CISNEROS,<br><br>    Defendant and Appellant. | B345582<br><br>(Los Angeles County Super. Ct. No. 24WCCF00333) |

THE COURT:

On March 29, 2024, defendant and appellant Ricardo Cisneros (Cisneros) was charged with carrying a concealed dirk or dagger.  (Pen. Code, § 21310).[1]  The felony complaint alleged a 1996 conviction for attempted murder as a prior "strike" under the "Three Strikes" law.  (§§ 664, 187, 1170.12.)  The complaint further alleged that Cisneros had five additional felony

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

convictions between 2005 and 2021 for purposes of section 1203, subdivision (e)(4).

The trial court conducted an early disposition hearing on April 22, 2024. The People's plea offer was 32 months in state prison. However, the court indicated that if Cisneros pled to the charge and admitted the prior strike allegation, the court would delay sentencing and release Cisneros to a six-month residential drug treatment program. The court indicated that if Cisneros completed the program and appeared at sentencing without any new arrests, he would be sentenced to probation. The court indicated that if Cisneros did not satisfy these terms, he would be sentenced to six years in state prison.

Cisneros pled open to the court based upon the indicated sentence. He waived his right to a preliminary hearing and trial, pleaded no contest to the charge, and admitted the prior strike allegation. The trial court set sentencing for December 16, 2024, and ordered Cisneros to be conditionally released to a residential drug treatment program.

Cisneros was terminated from the residential drug treatment program for failing drug tests and other violations. Cisneros failed to appear at the sentencing hearing on December 16, 2024. The trial court issued and held a bench warrant until December 20, 2024, and set a further hearing. Cisneros appeared at that hearing. On April 17, 2025, Cisneros admitted that he violated the terms of his conditional plea. The court sentenced him to four years in state prison.

Cisneros timely appealed. His appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and asked this court to independently review the record to determine whether any arguable issues exist.

On March 3, 2026, we informed Cisneros by letter that he had 30 days within which to personally submit any grounds for appeal, contentions, or arguments for us to consider. To date, we have received no response from Cisneros.

We have independently examined the entire record on appeal and are satisfied that Cisneros's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.) Cisneros has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

CHAVEZ, Acting P. J.     RICHARDSON, J.     GOORVITCH, J.

3